U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:23-cv-02078

THOMAS ARD,

    Plaintiff,

v.

MIKHAIL SHAFRO,

    Defendant.

_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND MEMORANDUM OF LAW

Defendant, MIKHAIL SHAFRO, through counsel, files this Response to its Response in Opposition to Plaintiff's Motion to Remand and Memorandum of Law [DE 7], and states the following:

**I. BACKGROUND**

This matter arises from a motor vehicle accident that occurred on January 13, 2022 involving Plaintiff and Defendant in Sarasota County, Florida. Plaintiff in his complaint alleges that that Defendant negligently operated or maintained the motor vehicle so that it struck the vehicle owned and operated by Plaintiff. Plaintiff further alleges in his complaint that he suffered bodily injury, including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. Plaintiff further claims that the

losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff is also making a claim for the damage to his motor vehicle. Defendant filed his Notice of Removal on September 14, 2023 [DE 1] alleging that the amount in controversy between Plaintiff and Defendant for damages exceeds the $75,000 amount in controversy requirement for diversity jurisdiction under 28 U.S.C. Section 1332.

## II.   ARGUMENT AND MEMORANDUM OF LAW

### a)   SHAFRO Properly Established the Amount in Controversy Required by 28 U.S.C. Section 1332 for Diversity Jurisdiction

Plaintiff asserts a cause of action for negligence against Defendant alleging that he suffered damages as a result of a motor vehicle accident on January 13, 2022. The Eleventh Circuit has determined that a post-suit demand made by the plaintiff is sufficient to determine whether the amount in controversy for diversity jurisdiction has been met. See *Lowery v. Alabama Power Co*. 483 F.3d 1184, 1212-13 (11th Cir. 2007) ("settlement offers," "demand letters," and "email estimating damages" are considered "other paper" under the removal statute.) (citations omitted). Plaintiff's argument that he is "unclear what has changed" from the initial notice of removal to the amended notice is questionable.

A Court may consider an offer of settlement made by a plaintiff when determining whether the amount in controversy for diversity jurisdiction is met. See *Burns v. Windsor Ins. Co*., 31 F.3d 1092, 1097 (11th Cir. 1994) (considering a plaintiff's settlement offer as "count[ing] for something" when assessing the amount in controversy); *Gehl v. Direct Transp., Ltd.*, No. 6:12-cv-1869-Orl-31DAB, 2013 U.S. Dist. LEXIS 14630, 2013 WL 424300, at *3 (M.D. Fla. Feb. 4, 2013) ("A plaintiff's settlement demand or a plaintiff's response to a settlement offer is some evidence of the amount in controversy." (emphasis omitted)). Plaintiff's post-suit Proposal for Settlement comes well after Plaintiff filed his initial state court Complaint. Unlike pre-suit offers

2

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 2100 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

that typically reflect a plaintiff's "puffing and posturing," a post-suit offer for settlement can be used as evidence of the amount in controversy. *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009); *Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1364-65 (M.D. Fla. 1998).

Here, Plaintiff served a Proposal for Settlement on August 31, 2023 for $1,000,000. There is nothing here to suggest that Plaintiff's Proposal for Settlement is mere puffery given that Plaintiff's counsel communicated early on in this lawsuit that the damages will ***well exceed*** (emphasis added) the $75,000 threshold. Defendants have a paper, namely the Proposal for Settlement to rely upon to prove by a preponderance of the evidence that the amount in controversy meets the requirements for federal diversity jurisdiction.

In addition to Plaintiff's Proposal for Settlement in excess of $75,000, Plaintiff's medical bills exceed $75,000. A plaintiff's medical bills can also be used as evidence by a court to establish the amount in controversy needed for federal jurisdiction. See *Shapiro v. NuVasive, Inc.*, 2019 U.S. Dist. LEXIS 173523 (S.D. Fla. Oct. 7, 2019). Plaintiff alleges that as a result of the alleged accident he sustained injuries to his head, left leg, neck and back injury with cervical herniations at multiple levels. Dr. Joseph Zavatsky, a board certified orthopedic surgeon, has recommended cervical epidural injections at C5-6. The cost of epidural steroid injections range between $1,500 and $4,000 and they are usually administered in rounds of 2-3 injections through a period of time. Upon review of Plaintiff's medical records and bills received to date, Plaintiff's *past* medical bills are approximately $64,539.12. To Defendant's knowledge, Plaintiff is still treating for his injuries, and as such Plaintiff's medical bills will be more than the required threshold for diversity jurisdiction. Taking into account Plaintiff's past medical bills, future medical costs projected to date, along with Plaintiff's claims for past and future pain and suffering, loss of earnings capacity,

3

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
100 SOUTHEAST SECOND STREET • SUITE 2100 • MIAMI, FLORIDA 33131
TELEPHONE (305) 374-4400 • FACSIMILE (305) 579-0261

and Plaintiff's claim for property damage to his vehicle, Plaintiff's damages exceed $75,000.

Lastly, on June 5, 2023, prior to removing this matter to Federal Court, the attorney previously assigned to this matter for the Defendant conferenced with Plaintiff's attorney Nick Smith, Esq., to determine if Plaintiff's damages were under $75,000 in order for the case to remain in State Court. Plaintiff's counsel advised and assured that Plaintiff's damages would definitely exceed $75,000. Plaintiff's attorney stated that Plaintiff's expected future costs of care will result in Plaintiff's damages exceeding the $75,000 amount in controversy threshold required for federal diversity jurisdiction. It was based on this conversation and Plaintiff's attorney's assurance, that Defendant removed the case to Federal Court. See **Exhibit "A"**, Sworn Affidavit of Attorney Mirelis Castilla, Esq..

As set forth herein, the basis for Defendant's removal of this case to this Court is not only reasonable, but entirely proper under the law. Plaintiff's request should be rejected given the totality of the evidence. Plaintiff's Proposal for Settlement, Plaintiff's counsel's assurance that Plaintiff's damages exceed the $75,000 amount tin controversy, the medical records providing information on Plaintiff's injuries and treatment, and the total amount of the past medical bills and the expected future costs of care, taken together support Defendant's contention that this Court has diversity jurisdiction over this matter as the amount in controversy is met.

WHEREFORE, Defendant, MIKHAIL SHAFRO, respectfully requests this Court to DENY Plaintiff's Motion for Remand [DE 7], and any additional relief as deemed necessary by the Court.

[THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

CASE NO.: 8:23-cv-02078

## CERTIFICATE OF SERVICE

I hereby certify that the on the 10th day of October 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court Middle District of Florida by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
*Counsel for Defendant*
100 SE Second Street, Suite 2100
Miami, Florida 33131
Telephone: (305) 374-4400
Facsimile: (305) 579-0261

By:   */s/ Danielle T. Gauer*
      DANIELLE T. GAUER, ESQ.
      Florida Bar No.: 127339
      danielle.gauer@wilsonelser.com

**SERVICE LIST**
Nick Smith, Esq.
MORGAN & MORGAN TAMPA P.A.
101 Riverfront Blvd., Suite 600
Bradenton, FL 34205
Telephone: (941) 240-3220
Facsimile: (941) 240-3215
nicksmith@forthepeople.com
zkovacs@forthrpeople.com
kellycortez@forthepeople.com
*Counsel for Plaintiff*